**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiffs,
Kellie Nelson and Paul Nelson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE NELSON, and PAUL NELSON , <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, A DELAWARE STATUTORY TRUST(S), and LAW OFFICES OF PATENAUDE & FELIX, A.P.C., | Case No: '14CV2320 L    KSC <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692-1692(P)** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Kellie Nelson and Paul Nelson, ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust(s), (hereinafter "National Collegiate" or collectively as "Defendants") and Law Offices of Patenaude & Felix, A.P.C., (hereinafter "Patenaude" or collectively as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiff damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiffs, or to a plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Plaintiff Kellie Nelson is a natural person who resides in the City of Fountain Valley, County of Orange, State of California.

11. Plaintiff Paul Nelson is a natural person who resides in the City of Oceanside, County of San Diego, State of California.

12. Plaintiff Kellie Nelson resides in Orange County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in the County of San Diego, as Plaintiff Paul Nelson resides in County of San Diego, and Defendant Patenaude is located in the City of San Diego, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

15. Plaintiff Kellie Nelson is a natural person who resides in the City of Fountain Valley, County of Orange, State of California.
16. Plaintiff Paul Nelson is a natural person who resides in the City of Oceanside, County of San Diego, State of California.
17. Defendant National Collegiate is located in the City of Wilmington, Delaware and incorporated in the State of Delaware.
18. Defendant Patenaude is located in the City of San Diego, in the State of California.
19. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
20. Defendants are entities whom use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21. Sometime before November 13, 2013, Plaintiffs are alleged to have incurred certain financial obligations related to student loans.
22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
23. Sometime thereafter, but before November 13, 2013, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to the validity of this alleged debt.
24. Subsequently, but before November 13, 2013, the alleged debt was assigned, placed, or otherwise transferred to Defendants for collection.

25. On or about November 13, 2013, Defendants filed a state collections lawsuit against Plaintiffs in the Superior Court of California, County of Orange, Case No. 30-2013-00687293-CU-CL-CJC.

26. Shortly thereafter, Plaintiff was personally served in Case No. 30-2013-00687293-CU-CL-CJC.

27. Defendants, debt collectors, fail to state in their complaint the original creditor to Plaintiff's alleged contract.

28. Defendants' failure to identify the original creditor, is both deceptive and material under the least sophisticated standard and constitutes a violation of 15 U.S.C. § 1692e.

29. The purpose of failing to identify the original creditor in the complaint was to confuse and mislead Plaintiff and to encourage a greater likelihood that Plaintiff would default in Case No. 30-2013-00687293-CU-CL-CJC..

30. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

31. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

Date: October 1, 2014          By: s/Gouya Ranekouhi
                                   Gouya Ranekouhi
                                   Attorneys for Plaintiff